UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD McCRACKEN,

    Plaintiff,

    v.

WILLIAM HYATTE and GEORGE PAYNE, JR.,

    Defendants.

No. 3:24 CV 169

## OPINION and ORDER

Richard McCracken, a prisoner without a lawyer, filed a complaint about the conditions of confinement he was held in, in Miami Correctional Facility's A-Dorm. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

McCracken alleges that from January 29, 2022, to February 22, 2022, the lights in the cell he was assigned to were broken and did not work. In addition, a piece of sheet metal covered the window to the outside. As a result, his cell was extremely dark. He

sues Warden William Hyatte and Deputy Warden George Payne, Jr., for being aware of these conditions but taking no steps to remedy the violations.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, light, clothing, shelter, bedding, hygiene materials, sanitation, and medical care. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Giving McCracken the inferences to which he is entitled at this stage, he has alleged a plausible claim that he has been denied the minimal civilized measure of life's necessities by being held in a darkened cell due to no working lights and no window.

The remainder of McCracken's allegations do not amount to the level of severity needed to state an Eighth Amendment claim in light of the short amount of time he spent in that cell. In determining whether the conditions of confinement violate the Constitution, courts look to the severity of the conditions as well as the duration of

those conditions. *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997). Being held in near total darkness for a little over three weeks is a severe deprivation, but the remaining allegations do not reach that level. McCracken says he was not allowed out of his cell for an adequate amount of time to use the phone, to shower, and to use his tablet. He says he was denied hygiene while in his cell and multiple times did not get his laundry washed. He says he did not have a cup in his cell to drink from. He says his mat was unsanitary because it did not have an outer cover or a sheet to put over it. McCracken, however, does not connect these inconveniences to the denial of a life necessity over the three and a half weeks he was held in A-Dorm. *See, e.g., Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (noting that "[a]n adverse condition of confinement, if endured over a significant time, can become an Eighth Amendment violation *even if it would not be impermissible if it were only a short-term problem*") (emphasis added).

Finally, McCracken alleges that his Fourteenth Amendment rights were violated when he was denied access to the grievance process. McCracken has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). He, therefore, does not state a Fourteenth Amendment claim.

For these reasons, the court:

(1) **GRANTS** Richard McCracken leave to proceed against Warden William Hyatte and Deputy Warden George Payne, Jr., in their individual capacities for compensatory and punitive damages for keeping him in a cell with no working lights

and no window for several weeks beginning on January 29, 2022, in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the Clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) William Hyatte and George Payne, Jr., at the Indiana Department of Correction, with a copy of this order and the complaint (DE # 1);

(4) **ORDERS** the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), William Hyatte and George Payne, Jr., to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: April 18, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT